UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OTIS CLIFTON,

                Plaintiff,

        -against-

VA ADMIN/RRB,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-CV-5204 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Otis Clifton filed the instant action *pro se*. The Court grants Clifton's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 8(a). Clifton is granted thirty (30) days leave from the date of this Memorandum and Order to submit an amended complaint.

## BACKGROUND

The following facts are drawn from Clifton's complaint and are assumed to be true for purposes of this Memorandum and Order. Clifton's complaint is far from a model of clarity. Clifton simply asserts that the Veteran Administration denied him survivors' benefits. (Compl. (Doc. No. 1) at 4 ¶ III.)[1] It is unclear on what basis Clifton alleges that he is entitled to such benefits.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

---

[1] For ease of reference, all citations to Court documents utilize ECF pagination.

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (internal quotation marks omitted).

The Court is required to dismiss an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I. Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("[Rule 8] demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell Atl. Corp*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial'" (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995))). A court may dismiss a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

Here, the nature of Clifton's claim is unclear. Accordingly, his claims must be dismissed.

## II. Leave to Amend

In light of this Court's duty to liberally construe *pro se* complaints, Clifton is granted thirty (30) days leave to file an amended complaint. Clifton's amended complaint must set forth the legal basis and factual allegations in a clear and concise manner in order to support his claim against defendant, and he must state the relief that he is seeking with respect thereto.

To the extent that Clifton is alleging that he was denied a survivors pension benefit, any amended complaint that Clifton elects to file must allege what steps, if any, he has taken to receive that benefit. Clifton should include the date that he filed a claim for benefits and the location of the local Veterans Administration office where he filed the claim. If the claim was denied, Clifton must state what steps he took to appeal the denial of benefits. Further, Clifton must clearly and concisely state the reason why he is entitled to receive such a benefit, *e.g.*, he

was a surviving spouse or was a child of a veteran. Clifton should annex to his amended complaint any documents that he has in support of his claim for benefits.

The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Clifton fails to amend his complaint within thirty (30) days as directed by this Memorandum and Order, judgment shall be entered.

### III. Warning

This is the ninth action that Clifton has filed in the Court. *See Clifton v. OTDA*, 13-CV-5315 (RRM) (dismissed without prejudice by order dated April 4, 2014); *Clifton v. OTDA*, 14-CV-1513 (RRM) (dismissed without prejudice by order dated April 4, 2014); *Clifton v. SSA*, 14-CV-1514 (RRM) (Memorandum and Order dated April 4, 2014, dismissing the complaint with leave to amend within thirty days; Clifton failed to submit an amended complaint and judgment was entered against Clifton July 3, 2014); *Clifton v. OTDA*, 15-CV-6806 (RRM) (dismissed by order dated February 4, 2016); *Clifton v. HRA et al.*, 16-CV-1753 (Memorandum and Order dated August 9, 2016 dismissing the complaint with leave to amend within thirty days; amended complaint filed September 9, 2016 still pending); *Clifton v. HRA NYC et al.*, 16-CV-2922 (RRM) (pending); *Clifton v. DOI et al.*, 16-CV-5003 (RRM) (pending); *Clifton v. HRA et al.*, 16-CV-5203 (RRM) (pending).

Clifton is advised that the future filing of meritless complaints shall not be tolerated by this Court. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."

(internal quotation marks and alterations omitted)); *see also Pandozy v. Tobey*, No. 07-CV-4897 (PNL) (RSP) (BDP), 2009 WL 1674409, at *2 (2d Cir. June 16, 2009); *Jenkins v. Eaton*, No. 08-CV-713 (NGG) (LB), 2010 WL 3861050, at *6 (E.D.N.Y. Aug. 25, 2010) ("The Second Circuit has held that the Court has the authority to issue a filing injunction when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." (internal quotation marks and alternations omitted)), *report and recommendation adopted*, 2010 WL 3842412 (E.D.N.Y. Sept. 28, 2010).

## CONCLUSION

Clifton's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 8(a). Clifton is granted thirty (30) days leave from the date of this Memorandum and Order to file an amended complaint as detailed above. If Clifton fails to amend his complaint within thirty (30) days as directed by this Memorandum and Order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Clifton and note the mailing on the docket.

SO ORDERED.

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       March 8    2017